# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Einstein Medical Center      :
and Judith Tran, M.D.,             :
                     Petitioners    :
                            :
           v.             :   No. 6 M.D. 2022
                            :   ARGUED: November 6, 2023
Medical Care Availability and    :
Reduction of Error Fund, Insurance :
Department, and Commonwealth   :
of Pennsylvania,                :
                    Respondents  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: December 22, 2023**

         Before this Court for disposition are the preliminary objections filed by

the Medical Care Availability and Reduction of Error Fund (MCARE),[1] Insurance

---

     [1] MCARE is a statutorily created fund within the State Treasury to

> be used to pay claims against participating health care providers for losses or damages awarded in medical professional liability actions against them in excess of the basic insurance coverage required by section 711(d) [(assessments)], liabilities transferred in accordance with subsection (b) [(transfer of assets and liabilities from the Medical Professional Liability Catastrophe Loss Fund)] and for the administration of the fund.

**(Footnote continued on next page…)**

Department, and Commonwealth of Pennsylvania (collectively, Respondents) to the petition for review in the nature of a complaint for declaratory judgment filed by Albert Einstein Medical Center (AEMC) and Judith Tran, M.D. (collectively, Petitioners). Pending further development of the record, we overrule Respondents' preliminary objections as to the standing of AEMC and Dr. Tran; overrule the preliminary objection regarding the effect of the agreement and release document on recovery; and overrule the preliminary objection as to costs. However, we sustain the preliminary objection as to attorney's fees and the preliminary objection asserting that the Commonwealth of Pennsylvania should not be a party to this action. Accordingly, the Commonwealth is dismissed as a party to this action.

In the petition for review, Petitioners allege the following facts. They brought suit against Respondents pertaining to an underlying medical malpractice action: *Charles P. Williams v. Albert Einstein Medical Center* (C.C.P. Phila. Cnty., May Term 2017, No. 03451). In the action, Plaintiff Williams maintained that "despite his symptoms and history of mental illness, he was not properly supervised or medicated when placed under psychiatric care while at AEMC." Pet. for Rev. ¶ 12. He alleged that Dr. Tran was responsible for his overall care and safety at the time of his injury, self-enucleation (removal) of his left eye. *Id.* ¶¶ 14-15.

On November 13, 2019, the jury trial commenced. At trial, Plaintiff "presented substantial evidence regarding Dr. Tran's recommendations and actions (or alleged omissions) including, but not limited to, [her] alleged negligence in failing to appreciate [his] medical history, the medications he was on, how often he

---

Section 712(a) of the MCARE Act, Act of March 20, 2002, P.L. 154, *as amended*, 40 P.S. § 1303.712(a). The Insurance Department administers the MCARE Fund. Section 713(a) of the MCARE Act, 40 P.S. § 1303.713(a).

should be observed by staff at AEMC, and how dangerous [he] was to himself."[2]  *Id.*
¶ 16.  However, Dr. Tran was dismissed as a party before the jury reached a verdict, which thus was solely against AEMC, in the amount of $2.75 million.  *Id.* ¶ 17. Following a post-trial motion requesting that the verdict be molded to include the liability of Dr. Tran, the trial court entered a February 2020 order directing that the verdict be molded to include her.  *Id.* ¶ 19.  Subsequently, a judgment of $2.75 million was "jointly" entered against Petitioners.  *Id.* ¶ 20.  Petitioners eventually settled for an amount in excess of the limits available to Dr. Tran under MCARE, which included delay damages.  *Id.* ¶ 22.  In March 2020, an agreement and release document was executed in favor of Petitioners, with the proceeds to be fully funded by the end of 2020.[3]  *Id.* ¶ 23.  Dr. Tran's primary insurance carrier, Broadline Risk Retention Group, paid its full policy limits of $500,000 but MCARE refused to pay $500,000 on her behalf.  *Id.* ¶¶ 31-32.  AEMC paid what it alleged was MCARE's share and submitted a claim to MCARE seeking reimbursement.  *Id.* ¶ 34.  "Dr. Tran and AEMC satisfied any and all requirements set forth by the MCARE Act."[4]  *Id.* ¶ 33.

Following MCARE's refusal to pay, Petitioners filed the petition for review seeking an order declaring that MCARE is obligated to reimburse AEMC $500,000 and awarding fees, costs, and such other relief that we deem appropriate. Essentially, Petitioners are seeking coverage from MCARE for the post-verdict

---

[2] A substantial evidence determination constitutes a conclusion of law, which this Court need not accept when considering preliminary objections.  *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

[3] In the preliminary objections, Respondents state:  "It should be noted that the release was drafted to appear that MCARE was involved with the settlement, however, MCARE was not involved in the settlement."  Prelim. Objs. at p. 4, n.2.

[4] This is a conclusion of law, which the Court need not accept when considering preliminary objections.  *Torres*, 997 A.2d at 1245.

3

settlement. Notably, we do not have the record from the underlying action, including the judgment and the agreement and release document, all of which should provide relevant information.

In considering Respondents' preliminary objections,

> we must accept as true all well-pleaded material allegations in the petition for review [in the nature of a complaint], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, *and any doubt should be resolved by a refusal to sustain them*.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *When ruling on a demurrer*, *a court must confine its analysis to the* [*petition for review in the nature of a*] *complaint*.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted).

### Standing of AEMC and Dr. Tran

It is well established that

> [t]he core concept of standing is that "a party who is not negatively affected by the matter he seeks to challenge is not aggrieved, and thus, has no right to obtain judicial resolution of his challenge." A litigant is aggrieved when he can show a substantial, direct, and immediate interest in the outcome of the litigation. A litigant possesses a

4

> substantial interest if there is a discernible adverse effect to an interest other than that of the general citizenry. It is direct if there is harm to that interest. It is immediate if it is not a remote consequence of a judgment.

*In re Milton Hershey Sch.*, 911 A.2d 1258, 1261-62 (Pa. 2006) (citations omitted).

Respondents assert that AEMC lacks standing because there is no duty between MCARE and AEMC and that Dr. Tran lacks standing because the mere allegation that a duty at one time existed between MCARE and Dr. Tran is insufficient. In addition, Respondents assert that Dr. Tran was not harmed and did not sustain damages in the underlying action or the settlement because AEMC satisfied the settlement without any contribution from her. Respondents note that the trial court in its order granting the motion to mold the verdict to include Dr. Tran did not find that Petitioners were jointly and severally liable or apportion liability and damages.[5] Absent the aforementioned, Respondents contend that nothing triggered the MCARE layer of coverage.

As a threshold matter, Pennsylvania is a fact-pleading state. *Briggs v. Sw. Energy Prod. Co.*, 224 A.3d 334, 351 (Pa. 2020). While it would be helpful if the petition for review contained more specific factual averments, we cannot say at this point that it appears with certainty that the law will not permit recovery. Although MCARE avers that there is no duty between MCARE and AEMC, AEMC avers to the contrary. Pending further development of the record, we cannot

---

[5] The order provides:

> And Now, this 6th day of February, 2020, upon consideration of Defendant's Motion to Mold the Verdict, it is hereby ORDERED and DECREED that the verdict is molded to include Judith Tran, M.D.

Respondents' Br., Ex. C, Feb. 6, 2020 Trial Ct. Order.

ascertain whether there is a factual basis to establish such a duty. In addition, we do not know the details of the release, such as whether Dr. Tran gave an assignment of rights against MCARE to AEMC, whether AEMC reserved the right to go back against Dr. Tran if MCARE refused to pay, or why Dr. Tran was let out of the underlying action or on what basis she was "molded" back in, nor do we have the specific language of any final judgment. All of these questions await factual development.

However, we can now put to rest any issues pertaining to the lack of specific apportionment and the lack of a determination as to joint and several liability. Notwithstanding apportionment, joint and several liability is assumed as a matter of law.

> Joint tortfeasors generally are jointly-and-severally liable for the entire amount of a verdict, albeit that a jury may assign only a portion of fault to each. The policy justification for allocating 100 percent liability (from the plaintiff's perspective) to one who bears only say, 40 percent of the responsibility is that, as between an innocent injured party and a culpable defendant, the defendant should bear the risk of additional loss.

*Maloney v. Valley Med. Facilities, Inc.*, 984 A.2d 478, 489 (Pa. 2009). *Accord*, *e.g.*, *Heim v. Med. Care Availability and Reduction of Error Fund*, 23 A.3d 506, 507 (Pa. 2011). Consequently, the lack of apportionment in the underlying action is of no moment and does not necessarily mean that the MCARE layer of coverage was not triggered.

As Petitioners assert:

> Insurers are called upon routinely to contribute to settlements before cases proceed to trial, obviously without any finding of liability, let alone a formal

6

> allocation of fault among multiple parties. In the insurance context, if the decision to enter into a settlement or the reasonableness of a settlement amount is being challenged, that is a factual issue to be resolved. It does not affect whether the insurer's obligation to provide coverage was triggered in the first instance.

Petitioners' Br. at 6.

Accordingly, we overrule the preliminary objections as to the standing of AEMC and Dr. Tran.

### Commonwealth as a Party

In an action seeking declaratory relief, "all persons shall be made parties who have or claim any interest which would be affected by the declaration." Section 7540(a) of the Declaratory Judgments Act, 42 Pa.C.S. § 7540(a). Here, regardless of whether the Commonwealth's inclusion in the suit has any impact, the Commonwealth is immune from claims for damages except for very specific situations where the General Assembly has specifically waived immunity, none of which is applicable here. The exception to immunity pertaining to medical-professional liability is limited to "[a]cts of health care *employees* of Commonwealth agency medical facilities or institutions or by a Commonwealth *party who is a doctor, dentist, nurse or related health care personnel*." Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b) (emphasis added). Further, while some declaratory and injunctive actions may be asserted against the Commonwealth, where the relief sought is, as a practical matter, that money be paid or that the Commonwealth take affirmative action that would involve a cost, its immunity acts as a bar. *Stackhouse v. Pa. State Police*, 892 A.2d 54, 62 (Pa. Cmwlth. 2006) ("[W]here a request for a declaration of rights can have no effect nor serve any purpose other than as the legal predicate for a damage or other immunity-barred

7

claim in the same action, the demand for declaratory relief ought to fall along with the claim it serves to support"). Accordingly, the demurrer regarding the Commonwealth itself is sustained and it is dismissed as a party to this action.

## Effect of Agreement and Release Document on Recovery

Noting that the case was resolved via an agreement and release document between AEMC and Plaintiff, Respondents contend that the law does not permit recovery where claims cannot be sustained and no recovery is possible. Respondents allege that the release is the law of Petitioners' case. Accordingly, Respondents maintain that the demurrer should be sustained because, on the facts as alleged, no recovery is possible.

Petitioners emphasize that they are seeking reimbursement from MCARE for the amounts paid to settle the case. They assert that Plaintiff's release excusing them from any future liability to him has nothing to do with their ability to seek coverage from MCARE. In other words, they maintain that the release executed by Plaintiff does not relieve MCARE of its obligations to Petitioners.

As noted above, we do not know enough about the facts. It seems that Plaintiff released AEMC and Dr. Tran but we do not know whether the latter two released each another, let alone how any such release affected a potential liability of or payment by MCARE. It simply is not clear whether Dr. Tran is free of any further liability or may be brought back in, as she was in the underlying medical malpractice action. Further, the judgment against Dr. Tran raises the specter of MCARE's potential duty of indemnification. Accordingly, we overrule the preliminary objection regarding the effect of the agreement and release document on recovery.

## Attorney's Fees and Costs

8

Respondents assert that there is no statutory authority or an agreement between the parties that would authorize the award of attorney's fees and costs in this declaratory judgment action. Accordingly, Respondents request that we strike the demand for attorney's fees and costs from the petition for review.

In *Pizzuti v. Pennsylvania Insurance Department* (Pa. Cmwlth., No. 206 M.D. 2021, filed March 4, 2022),[6] this Court sustained a preliminary objection requesting that attorney's fees be stricken in a declaratory judgment action seeking a determination that MCARE improperly denied coverage and a defense in an underlying medical malpractice action. In support, we observed that parties generally bear their own attorney's fees. *Id.*, slip op. at 14 [citing *Dep't of Env't Prot. v. Bethenergy Mines, Inc.*, 758 A.2d 1168, 1173 (Pa. 2000)]. In addition, we cited the lack of statutory authority or an agreement between the parties regarding attorney's fees in the declaratory judgment action therein at issue. *Id.*, slip op. at 16.

In the present case, Petitioners have not alleged that there was any agreement as to attorney's fees in the above-captioned declaratory judgment action. Consequently, attorney's fees are not recoverable. However, it is not clear whether costs may still be in play. *See* Pennsylvania Rules of Appellate Procedure 2771 (costs on appeal taxable in the lower court) and 3751 (post-decision taxation of costs). Accordingly, we sustain the preliminary objection as to attorney's fees but overrule it as to costs.

## Conclusion

For the above reasons, we overrule Respondents' preliminary objections as to the standing of AEMC and Dr. Tran; overrule the preliminary

---

[6] *See* Section 414(a) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code § 69.414(a) ("Parties may . . . cite an unreported panel decision of this Court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

9

objection regarding the effect of the agreement and release document on recovery; and overrule the preliminary objection as to costs. We sustain the preliminary objection as to attorney's fees and the preliminary objection asserting that the Commonwealth of Pennsylvania should not be a party to this action. Accordingly, the Commonwealth is dismissed as a party from the above-captioned matter.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Albert Einstein Medical Center | : | |
| and Judith Tran, M.D., | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 6 M.D. 2022 |
| | : | |
| Medical Care Availability and | : | |
| Reduction of Error Fund, Insurance | : | |
| Department, and Commonwealth | : | |
| of Pennsylvania, | : | |
| Respondents | : | |

## O R D E R

AND NOW, this 22nd day of December, 2023, the preliminary objections in the nature of a demurrer in the above-captioned matter filed by Respondents (Medical Care Availability and Reduction of Error Fund, Insurance Department, and the Commonwealth of Pennsylvania) are hereby SUSTAINED IN PART and OVERRULED IN PART, in accordance with the foregoing opinion. The Commonwealth of Pennsylvania is DISMISSED as a party to this action. The remaining Respondents are directed to file an answer to the petition for review within twenty (20) days.

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita